United States District Court
Southern District of Texas
**ENTERED**
April 18, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CYD CHARISSE DUPLECHAINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17–CV–00221 |
| | § | |
| HSBC BANK USA, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

All dispositive pretrial motions in this case have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(b).  (Dkt. 21).  Pending before the Court is Defendant's Motion to Dismiss Second Amended Complaint ("Motion to Dismiss").  (Dkt. 17).  Having considered the Motion to Dismiss, the response, and applicable law, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED.

### I. BACKGROUND

Plaintiff Cyd Charisse Duplechaine ("Duplechaine") filed this suit in the 239th Judicial District Court of Brazoria County, Texas, seeking to prevent Defendant HSBC Bank USA, National Association ("HSBC") from foreclosing on her property at 23 Palmdale Lane, Manvel, Texas 77578 (the "Property").  (Dkt. 1-6).  HSBC timely removed the case to the United States District Court for the Southern District of Texas (Galveston Division) on the basis of diversity jurisdiction.  (Dkt. 1).

In her Second Amended Complaint, the live complaint in this case, Duplechaine sets forth the following allegations.  She purchased the Property on November 30, 2006, for $155,838.00 and financed the purchase through a promissory note made payable to Option One Mortgage Corporation.  As security for the note, Duplechaine executed a deed of trust encumbering the Property.  The note and deed of trust were subsequently transferred to HSBC for which Ocwen Loan Servicing, LLC ("Ocwen") acts as the loan servicer.

According to the Second Amended Complaint, Duplechaine began to experience financial difficulties in 2016 and entered into debt restructuring negotiations with Ocwen.  In February 2017, Ocwen offered Duplechaine a loan modification and Duplechaine submitted the requested financial documents.  Over the next few months, Ocwen informed Duplechaine that her application was incomplete and she needed to submit additional financial documents.  In April 2017, Ocwen informed Duplechaine that her application was finally complete and under review.  In a telephone conversation, Ocwen assured Duplechaine that HSBC would not foreclose on the property while it reviewed the loan modification application.  Ocwen told Duplechaine an agreement would be mailed to her memorializing the conversation.  Duplechaine never received such an agreement.

In June 2017, Ocwen informed Duplechaine that her loan modification application had been denied.  However, Ocwen told Duplechaine that she pre-qualified for a different program and encouraged her to apply.  Ocwen assured Duplechaine that HSBC would not foreclose on her Property if she applied for the program.  By this time, Duplechaine had

already received a Notice of [Substitute] Trustee Sale setting a foreclosure sale in July 2017.  Duplechaine voiced her concern over this foreclosure sale to Ocwen and Ocwen reportedly instructed Duplechaine to ignore the Notice of Foreclosure and apply for the program online.

In June 2017, Duplechaine brought suit against HSBC after discovering that Ocwen had initiated foreclosure proceedings on the Property.  Duplechaine set forth the following causes of action against HSBC: (1) breach of contract; (2) common law fraud; (3) promissory estoppel; (4) no notice of default/notice of acceleration; and (5) violation of the Real Estate Settlement Procedures Act ("RESPA")/Regulation X.  (Dkt. 16). HSBC has filed a Motion to Dismiss, arguing that Duplechaine fails to state a claim upon which relief can be granted.

## II. RULE 12(B)(6) STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Under Rule 12(b)(6), a party may "move for dismissal for a failure to state a claim upon which relief can be granted."  *Lemieux v. American Optical Corp.*, 712 F. App'x 409, 412 (5th Cir. 2018) (quotation marks omitted).  Dismissal is appropriate "when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).  However,

"[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quotation marks and citation omitted).

The Fifth Circuit has summarized the applicable standard:

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (internal quotation marks and citations omitted). When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted).

## III. DISCUSSION

### A.   BREACH OF CONTRACT

Duplechaine's breach of contract allegations are bare-boned. In her Breach of Contract cause of action, Duplechaine simply states that "[t]here exists a valid, enforceable contract between Duplechaine and HSBC"; "Duplechaine has standing to sue for breach of contract"; "Duplechaine performed, tendered performance, or was excused from performing her contractual obligations"; "HSBC breached the contract"; and "[t]he breach of contract by HSBC caused Duplechaine's injury." (Dkt. 16 at 4). Although

unclear from the Second Amended Complaint, Duplechaine argues in her response to the Motion to Dismiss that the breach of contract allegations are based entirely on an oral agreement between the parties.  According to Duplechaine, the purported oral contract occurred when Duplechaine agreed to submit a loan application, and, in return, HSBC promised that it would not foreclose on the Property.  Specifically, Duplechaine states:

> Plaintiff's claim for breach of contract is not based on the mortgage loan agreement … it is a totally separate [oral] agreement wherein Plaintiff agreed to put forth the time and effort to prepare and submit a loan modification application, along with the supporting documents, and continue to exert the time and effort necessary in order to comply with Defendant's requests for further information (a positive act) in exchange for Defendant declining to take a certain action (a negative act).  This constitutes a stand-alone agreement in which there was a meeting of the minds and for which consideration was given.

(Dkt. 19 at 4).

The problem with Duplechaine's theory is that the statute of frauds clearly precludes such a breach of contract claim.  The Texas statute of frauds requires that certain contracts must be reduced to writing and signed by the party to be bound by the agreement.  TEX. BUS. & COM. CODE 26.01(a).  Importantly for the purposes of this case, a "loan agreement" for sums exceeding $50,000 must satisfy the statute of frauds.  TEX. BUS. & COM. CODE 26.02(b).  The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods or another thing of value or to otherwise extend credit or make a financial accommodation."  TEX. BUS. & COM. CODE 26.02(a)(2).

As such, it is black letter law that an agreement to delay a foreclosure is subject to the Texas statute of frauds, and therefore, must be in writing to be enforceable.  *See, e.g.,*

*Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement between Law and Ocwen for $284,000 was required to satisfy the Statute of Frauds, so too was the proposed modification agreement.  Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based."); *Luebanco v. Seterus, Inc.*, No. H-13-0079, 2013 WL 12155019, at *1 (S.D. Tex. Mar. 28, 2013) ("Because there is no written agreement to forbear collecting mortgage payments or delay foreclosure, the plaintiffs' breach of contract claim was barred by the statute of frauds.").

In the present case, the alleged agreement to delay foreclosure was not in writing and, therefore, not a valid contract upon which a breach of contract claim can be based. This Court finds that Duplechaine's breach of contract claim is barred by the statute of frauds and should be dismissed.

**B.    FRAUD**

Duplechaine asserts that HSBC committed fraud when its agent, Ocwen, made false and material representations by assuring her that "HSBC would take no action to foreclose on her Property if she submitted an application to a 'program' she was pre-qualified for" and "instructing [her] to ignore any Notices of Foreclosure."  (Dkt. 16 at 4). In its Motion to Dismiss, HSBC asks this Court to dismiss the fraud claim for two completely separate and independent reasons.  First, HSBC contends that Duplechaine has failed to plead fraud with sufficient particularity to satisfy Rule 9(b).  Second, HSBC argues that the economic loss rule bars Duplechaine's claim.

Duplechaine's response focuses solely on trying to explain how she has satisfied the Rule 9(b) heightened pleading standard.  Duplechaine does not even bother to respond to HSBC's argument that the economic loss rule precludes her fraud claim.  This Court need not determine whether Duplechaine has met the Rule 9(b) pleading standard because the economic loss doctrine clearly bars Duplechaine from proceeding on her fraud claim.

The economic loss rule provides that "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (citation omitted).  The Fifth Circuit has further explained the economic loss doctrine as follows:

> Under this doctrine, a claim sounds in contract when the only injury is economic loss to the subject of the contract itself.  In applying the rule, courts consider whether the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties.  When no independent basis for liability exists, the rule applies.

*Law*, 587 F. App'x at 795 (internal quotation marks and citations omitted).

Here, all Duplechaine alleges is a boilerplate request that "Plaintiff is entitled to recover her actual damages from Defendant."  (Dkt. 16 at 7).  She provides no more specificity than that and supplies no facts to support actual damages independently from the promissory note and Deed of Trust in place between her and HSBC.

Because Duplechaine has not alleged damages resulting independently from the the promissory note and Deed of Trust, the economic loss doctrine bars her fraud claims.  *See Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05181, 2012 WL 3527924, at *3 (S.D. Tex. Aug. 13, 2012) (holding that the economic loss rule barred a fraud claim

against a lender because "any complaints by Plaintiffs about Wells Fargo's misrepresentation, or their failure to provide information relating to the loan or alleged modification agreement, relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud claim"); *Law*, 587 F. App'x at 796 (granting 12(b)(6) motion to dismiss against lender because borrower's negligence claims were barred by the economic loss rule).   Accordingly, this Court recommends that Duplechaine's fraud claim be dismissed.

## C.   PROMISSORY ESTOPPEL

"Promissory estoppel is a cause of action available to a promisee who has acted to his or her detriment in reasonable reliance on an otherwise unenforceable promise." *Deuley v. Chase Home Fin., LLC*, No. H-05-04253, 2006 WL 1155230, at *4 (S.D. Tex. Apr. 26, 2006) (citation omitted).  "Generally, promissory estoppel is a viable alternative to breach of contract."  *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App.—Corpus Christi 2001, no pet.) (citing *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)).  However, if the underlying oral promise upon which the plaintiff bases its estoppel claim is precluded by the statute of frauds, then "the plaintiff must show that the promisor promised to sign a written document that would satisfy the statute of frauds."  *Deuley*, 2006 WL 1155230, at *4 (quoting *Ford*, 44 S.W.3d. at 140).

Here, Duplechaine's promissory estoppel allegations are short and sweet: "HSBC made a promise to Duplechaine"; "Duplechaine reasonably and substantially relied on the promise to her detriment"; "Duplechaine's reliance was foreseeable by HSBC"; and

8

"[i]njustice can be avoided only by enforcing HSBC's promise." (Dkt. 16 at 5). Duplechaine readily admits that the alleged promise was an oral pledge not to foreclose on the Property so long as Duplechiane submitted loan modification paperwork. As noted above, the alleged oral agreement falls squarely within the statute of frauds. Therefore, the only way Duplechaine can continue to pursue a promissory estoppel claim is if she alleges that HSBC promised to reduce the alleged oral promise to a written document that would satisfy the statute of frauds. There are no such allegations in the Second Amended Complaint. Consequently, Duplechaine's promissory estoppel claim should be dismissed. *See Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing.") (collecting cases); *Krudop v. Bridge City State Bank*, No. 09-05-111 CV, 2006 WL 3627078, at *5 (Tex. App.—Beaumont Dec. 14, 2006, pet. denied) (explaining that a promissory estoppel claim cannot survive when a plaintiff fails "to argue or present evidence that the bank made an oral promise to sign a written agreement that satisfied the statute of frauds").

D.      NO NOTICE OF DEFAULT/NOTICE OF ACCELERATION

Duplechaine's next cause of action is titled "No Notice of Default/Notice of Acceleration." Duplechaine alleges that she "never received proper notice of default or notice of acceleration which would allow [HSBC] to sell the Property at a foreclosure sale." (Dkt. 16 at 6). In its Motion to Dismiss, HSBC asserts that Duplechaine's claim fails because although Section 51.002 of the Texas Property Code establishes procedures

9

for conducting a foreclosure sale, it does not create a private cause of action. Tellingly, Duplechaine fails to respond to HSBC's argument.

As explained by the Fifth Circuit, "the federal district courts that have addressed [this issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015). This Court agrees with the consensus of Courts that have addressed this issue and holds that Section 51.002 of the Texas Property Code does not create a private cause of action. *See, e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret 51.002 to establish an independent right of action for damages"). Accordingly, Duplechaine's "No Notice of Default/Notice of Acceleration" claim must be dismissed for failure to state a claim.

**E.    VIOLATION OF RESPA/REGULATION X**

Duplechaine's final cause of action is titled "Violation of RESPA/Regulation X." Specifically, Duplechaine claims that she submitted a complete, first loss mitigation application before the scheduled foreclosure sale and HSBC pursued foreclosure in violation of RESPA. In response, HSBC argues that Duplechaine's RESPA claim fails because she does not adequately plead any entitlement to damages under RESPA.

"RESPA requires a mortgage loan servicer to respond appropriately to a borrower's qualified written request by certain deadlines." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e)). An individual who believes the loan servicer violated RESPA must allege actual damages

resulting from the violation.  *See Whittier*, 594 F. App'x at 836 ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Avila v. JPMorgan Chase Bank, N.A.*, No. H-14-3502, 2015 WL 1648940, at *3 (S.D. Tex. Apr. 13, 2015) ("[T]o survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege actual damages resulting from a violation of § 2605.").  To show actual damages, a complaint must contain more than "only a conclusory statement."  *Allen v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:16-CV-0249-D, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017).  The complaint must include "facts giving rise to a reasonable inference that [Plaintiff] suffered actual damages from the alleged violation of RESPA."  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012).  *See also Armendariz v. Bank of America, N.A.*, No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *5 (W.D. Tex. May 21, 2015) ("Plaintiff's claim still fails because the Complaint contains no facts explaining how this alleged violation impeded Plaintiff's ability to pay the mortgage, or otherwise caused Plaintiff to incur actual damages.").

Duplechaine's Second Amended Complaint merely asserts that she is entitled to actual and nominal damages, but it notably fails to provide any non-conclusory allegations:

> **ACTUAL DAMAGES**
> Plaintiff is entitled to recover her actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.
>
> **NOMINAL DAMAGES**
> Plaintiff is entitled to recover her nominal damages from Defendant, associated with Plaintiff's cause of action for Violation of

11

> RESPA/Regulation X, for which Plaintiff pleads in an amount which does
> not exceed the jurisdictional limits of this Court.

(Dkt. 16 at 7).  Importantly, Duplechaine fails to describe what her actual damages are and also neglects to explain how the alleged RESPA violation caused her to incur any such damages.  It is noteworthy that Duplechaine does not even address HSBC's argument on RESPA damages, instead spending her response to the Motion to Dismiss explaining how HSBC allegedly violated RESPA.  Accordingly, this Court agrees with HSBC that Duplechaine's RESPA claim must be dismissed because she fails to properly allege actual damages attributable to any alleged violation of RESPA.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 17) be GRANTED.  Dismissal **with prejudice** is appropriate since Duplechiane has already been afforded two opportunities to cure pleading deficiencies.  *See, e.g., Avila v. Cty. of Hidalgo, Tex.*, No. 7:13-CV-17, 2014 WL 11697844, at *10 (S.D. Tex. Sept. 2, 2014), *report and recommendation adopted*, No. CV M-13-17, 2014 WL 11697951 (S.D. Tex. Sept. 29, 2014), *aff'd sub nom. Avila v. Cty. of Hildago, Tex.*, 606 F. App'x 269 (5th Cir. 2015) ("Plaintiff has not requested leave to file yet another amended complaint.  Because Plaintiff is unable or unwilling to cure the deficiencies in his pleadings, it is unnecessary for the Court to allow any further amendment.") (internal citations omitted).

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written

objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13.

Failure to file written objections within the time period mentioned shall bar an aggrieved

party from attacking the factual findings and legal conclusions on appeal.

     SIGNED at Galveston, Texas, this 18th day of April, 2018.

 

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE